IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | **Magistrate Court Case No.:4:08-MJ-228 (GMF)** |
| | * | |
| **DAVID B. FREEMAN,** | * | |
| **DEFENDANT.** | * | |

**MOTION FOR DISCOVERY AND AUTHORITY THEREOF**

The Defendant, **DAVID B. FREEMAN**, moves the Court for an order directing the government to disclose the following:

1. All material within the purview of Fed.R.Crim.P. 16, specifically including all audio or video recordings and transcripts thereof containing statements made by the Defendant. See United States vs. Bailleaux, 685 F. 2d 1105, 1112-15 (9th Cir. 1982) (tapes); United States vs. James, 495 F. 2d 434 (5th Cir. 1974) (tapes); United States v. Caldwell, 543 F. 2d 1333, 1351-53 (D.C. Cir. 1975) (tapes); United States v. Sherwood, 527 F. Supp. 1001 (W.D.N.Y. 1981) (tapes made by victim without government knowledge); United States v. Layton, 564 F. Supp. 1391 (D. Ore. 1983) (agent's rough notes of defendant's oral statements).  This also includes a request to the government's attorneys to make a demand on the agency responsible for the investigation to search its files to determine if any such statements exist.  United States v. Jensen, 608 F. 2d 1349 (10th Cir. 1979);  James, 495 F. 2d 434.

2. The names, addresses, telephone numbers, and statements of those persons with whom the government has spoken and who may have some knowledge of the facts of this case, but will not testify as witnesses for the government at trial.  United States v. Houston, 339 F. Supp. 762, 766 (N.D. Ga. 1972):  United States v. Narcisco, 446 F. Supp. 252, 267 (E.D. Mich. 1977);  United States v. Marshak, 364 F. Supp. 1005, 1007 (S.D. N.Y. 1973):  United States v. Leichtfuss, 331 F. Supp. 723, 735 (N.D. Ill. 1971); Unites States v. Greater Syracuse Board of Realtors, 438 F. Supp. 376, 381 (N.D. N.Y. 1977); United States V. Madeoy, 652 F. Supp. 371 (D.D.C. 1987) (co-

conspirator's).  The discovery of statements of people who will not be called as witnesses by the government at trial is not prohibited by the Jencks Act, 18 U.S.C. 3500, or Fed. R. Crim. P. 26.2, as they only apply to statements of government witnesses.

    3.  All statements made by the Defendant to third parties, including all investigative agents whose identities were then unknown to the Defendant.  United States v. Caldwell, 543 F. 2d 1333, 1352-53 (D.C. Cir. 1975); United States v. Thevis, 84 F.R.D. 47, 55-56 (N.D. Ga. 1979); United States v. Narcisco, 446 F. Supp. 252, 265-67 (E.D. Mich. 1977); United States v. Brighton Building and Maintenance Co., 446 F. Supp 222 (N.D. Ill 1977); United States v. Percevault, 490 F. 2d 126, 129-30 (2d Cir. 1974).  There are compelling reasons for requiring the disclosure of such statements.  Their production eliminates the element of unfair surprise, enables the Defendant to recall the details of such statements or even the fact of making them, and promotes fundamental fairness by granting the accused equal access to his own words, no matter how the government came by them.

    4.  The circumstances surrounding statements made by the Defendant to third parties.  Narcisco;  Brighton Building and Maintenance Co. (Supra).  In both cases, the government was ordered to provide the Defendant with the following:  the fact of such statement; whether a recordation of such statement exists in any form whatsoever; the name and address of the person to whom the statement was made; and the date on which and the place where the statement was made.

    5.  Whether informants, special employees, or special investigators were used in the investigation of this case, Roviaro vs. United States, 353 U.S. 52 (1957); United States v. Balistrieri, 346 F. Supp. 336, 38 (E.D. Wis. 1972), and, if so, identify them.  United States v. Ayala, 643 F. 2d 244 (5th Cir. 1981).

    6.  All statements of alleged co-conspirators, indicted or otherwise.  United States v. Thevis, 84 F.R.D. 47, 56-57 (N.D. Ga. 1979); United States v. Agnello, 367 F. Supp. 444 (E.D.N.Y. 1973); United States v. Turkish, 458 F. Supp. 874, 882 (S.D. N.Y. 1978).

    7.  The names of all unindicted co-conspirators, aiders or abettors or principals.  United States v. Barrentine, 591 F. 2d. 1069, 1077 (5th Cir. 1979); United States v. Thevis, 474 F. Supp. 117, 125 (N.D. Ga. 1979); United States v. Hubbard, 474 F. Supp. 64, 81 (D.D.C. 1979); United States v. Mannino, 480 F. Supp. 1182 (S.D. N.Y. 1979).

    8.  A copy of all original notes and memoranda (whether hand written or otherwise) that

may have been made by any investigative agent in this case, including any person who may have been acting in an informer or undercover capacity.  If such notes and memoranda were once in existence but now have been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

      9.  Disclose whether any evidence, physical or otherwise, has been destroyed.  If so, provide the details requested in Paragraph 8, above.

      10.  Disclose whether any government agent, informer, or other person at the direction or behest of the government has talked with or communicated with the Defendant since the return of the indictment.  If so, identify such person(s) and the surrounding circumstances.  Maine v. Moulton, 474 U.S.), 106 S. Ct. 477 (1985); United States v. Henry, 447 U.S. 264 (1980).

      11.  Disclose whether there has been any post indictment monitoring, eavesdropping, or overhearing of the Defendant's conversations with his attorneys concerning the facts of this case.  If so, provide details.

      12.  Disclose whether the government knows or has any reason to believe a material witness will be unavailable for trial.  See United States v. Mendez-Rodriguez, 450 F. 2d 1 (9th Cir. 1971).

      13.  Disclose whether any photographic identifications of the Defendant have occurred, and, if so, produce the photographs used and the name of the witness making the identification.  Simmons v. United States, 390 U.S. 377 (1968).

      14.  Undersigned counsel has previously received some informal discovery from the government. Such information need not be provided again. This is a continuing request.

      This 26th day of January, 2009.

      /s    *David L. Roberts*
      David L. Roberts, Attorney at Law
      P. O. Box 1133
      Columbus, Georgia 31902
      Telephone: 706-324-7174
      Facsimile: 706-324-6747
      Email: trldefense@aol.com
      Georgia Bar No. 608312

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | **Magistrate Court Case No.:4:08-MJ-228 (GMF)** |
| | * | |
| **DAVID B. FREEMAN,** | * | |
| **DEFENDANT.** | * | |

## CERTIFICATE OF SERVICE

I certify that on the 26<u>th</u> day of January, 2009, I electronically filed the foregoing Motion for Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**David J. Long**
Special Assistant United States Attorney
Office of the Staff Judge Advocate
6970 Vibbert Avenue Bldg 5
Fort Benning, Georgia 31905
706-545-9272
706-545-1528 (fax)
david.j.long1@us.army.mil

**Carol Hiller**
US Magistrate Court Liaison
Office of the Staff Judge Advocate
6970 Vibbert Avenue Bldg 5
Fort Benning, Georgia 31905
706-545-7026
706-545-1528 (fax
carol.hiller@us.army.mil

I also certify that I have mailed by the United States Postal Service the referenced document(s) and a copy of the notice of Electronic Filing to the following non-CM/ECF participants:   NONE

                      *David L. Roberts*
David L. Roberts
P. O. Box 1133
Columbus, Georgia 31902
Telephone: 706-324-7174
Facsimile: 706-324-6747
Email: trldefense@aol.com
Georgia Bar No. 608312